UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOHN ANZALONE,

      Plaintiff,

    v.                                    Case No. 11-CV-552

CAROLYN W. COLVIN,
Acting Commissioner, Social Security Administration,[1]

      Defendant.

## DECISION AND ORDER APPROVING AN AWARD OF ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(b)

On January 4, 2012, this Court granted a joint motion to remand the above-captioned case to the Social Security Commissioner. (Docket # 11.) Pursuant to a stipulation, this Court then awarded plaintiff's counsel $5,200.00 in attorney's fees and costs in the amount of $350.00 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Docket # 19.) Following further administrative proceedings, the Commissioner recently awarded plaintiff disability benefits, and withheld 25% of his past-due benefits—$19,404.50—to pay Anzalone's attorney.[2] (Docket # 20-3 at 9.) Plaintiff's counsel now seeks approval pursuant to 42 U.S.C. § 406(b) of fees in the amount of $19,404.50 under his contingency fee agreement with plaintiff. (Docket # 20; Docket # 20-3 at 2.) The Commissioner did not file a brief in opposition to the motion.

---

[1] The Court has amended the caption to substitute Carolyn W. Colvin, Acting Commissioner of the Social Security Administration, as the defendant in this case. On February 14, 2013, Carolyn W. Colvin became Acting Commissioner of the Social Security Administration. Pursuant to Fed. R. Civ. P. 25(d) and the last sentence of 42 U.S.C. § 405(g), Carolyn W. Colvin is automatically substituted as the defendant in this action.

[2] Anzalone's total past-due benefit award was therefore $77,618.00 [$19,404.50 x 4 = $77,618.00].

An attorney who succeeds in obtaining benefits for a social security claimant may recover fees pursuant to 42 U.S.C. § 406. Section 406(a) governs fees for representation in administrative proceedings before the Social Security Administration ("SSA"); § 406(b) controls fees for representation in federal court. *Kopulos v. Barnhart*, 318 F. Supp. 2d 657, 660 (N.D. Ill. 2004) (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002)). The statute provides for a "reasonable fee" not to exceed 25% of the past-due benefits awarded to the claimant. *Id.* at 661. Such fees are deducted from the claimant's retroactive benefits; they do not constitute an award against the government. *Id.*

If the attorney previously obtained fees from the government under the EAJA for work performed in court, such award offsets the allowable fee under § 406(b). *Id.* at 664; *see also Hanrahan v. Shalala*, 831 F. Supp. 1440, 1452 (E.D. Wis. 1993) (stating that "when attorney's fees are awarded under both the SSA and the EAJA for the same services, an attorney is entitled to keep the larger fee but must return the smaller fee to the claimant").

The court must review all fee requests under § 406(b). Congress intended such review not to override the claimant and counsel's fee arrangement but rather to act as an "independent check" to ensure that the arrangement yielded a reasonable result in the particular case. *Gisbrecht*, 535 U.S. at 807. "Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits." *Id.* Within the 25% boundary, the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered. *Id.* In making this determination, the court may consider the character of the representation and the results obtained, reducing an award if the attorney is responsible for delay in the proceeding that had the effect of inflating past-due benefits, or if the fee is so large in comparison to the amount of time counsel spent on the case that the fee would constitute a windfall

to the attorney. *Id.* at 808.

In this case, plaintiff entered into a 25% contingency fee agreement with counsel. (Docket # 20-3) The amount of past due benefits is $77,618.00, 25% of which is $19,404.50. Counsel previously received $5,200.00 under the EAJA. Counsel therefore seeks an award of $19,404.50, consistent with his 25% contingency fee agreement and will remit the $5,200.00 EAJA fee award to the plaintiff. (Docket # 20-2 at 4; Docket # 21 at 3.) Counsel contends that the fee request is reasonable given his and his co-counsel's experience in Social Security litigation and the success achieved for the plaintiff.

Pursuant to *Gisbrecht*, the Court finds the requested fee is reasonable. First, plaintiff's counsel timely filed a well written brief before this Court. (Docket # 9.) Second, the results obtained were fully favorable. Plaintiff was awarded benefits, including $77,618.00 in past due benefits as well as access to Medicare, backdated to November of 2009, following a joint motion for remand. (Docket # 39-3.) Third, per the attorney's affidavit, both counsel and co-counsel are experienced in Social Security litigation. (Docket # 20-2 at 3-4.) Finally, the fee does not constitute a windfall to the attorney. The amount sought by counsel under § 406(b) is within the 25% permitted by law and provided for in the fee agreement. Although the fee of $19,404.50 for 33.50 hours of work (Docket # 31 at 1) equates to an hourly fee of approximately $579/hour, this is within the realm of reasonable fees approved by the courts in this circuit. *See Koester v. Astrue*, 482 F. Supp. 2d 1078, 1081 (E.D.Wis. 2007) (approving hourly rate of $580.67 per hour for 38.80 hours of court work); *Stemper v. Astrue*, No. 04-CV-838, 2008 WL 2810589, *1 (W.D. Wis. July 14, 2008) (approving rate hourly rate of $666 per hour); *Hussar-Nelson v. Barnhart*, No. 99 C 0987, 2002 WL 31664488, *3 (N.D. Ill. Nov. 22, 2002) (approving hourly rate of approximately $393.00 per hour for 53.90 hours

- 3 -

of court work).

**NOW, THEREFORE, IT IS HEREBY ORDERED** that plaintiff's motion for an award of attorney's fees pursuant to 42 U.S.C. § 406(b) is hereby **GRANTED**, and Attorneys Daniel S. Jones and Charles Binder are awarded fees in the amount of $19,404.50.

**IT IS FURTHER ORDERED** that upon counsel's receipt of this sum, counsel shall refund the Equal Access to Justice Act fee of $5,200.00 directly to the Plaintiff.

Dated this 29th day of August, 2013, at Milwaukee, Wisconsin.

BY THE COURT:

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge

- 4 -